MAY TERM, 1863.

BROOKS SAYRE, administrator of Isaac Sayre, deceased, appellant, and ANTHONY S. SAYRE, respondent.

1. Evidence taken under an order of the Prerogative Court to be used upon the hearing of an appeal, is competent.

2. It is no valid objection to a decree of distribution, that it is made in favor of parties who are not applicants therefor, and whose shares have been satisfied or released.

3. The decree of distribution is final and conclusive between the administrator and the distributees, as to the amount of each share, and the party entitled to receive it. It is an effectual protection to the administrator, against all claims for moneys paid pursuant thereto, though it should prove that the decree was erroneous, and the money paid to a party not entitled.

4. The remedy by a party deprived of his rights by the decree, is not against the administrator, but against the distributees who have wrongfully received the estate. In their favor, as against the rightful claimant, the decree does not operate.

5. It is no part of the office of a decree of distribution, to settle whether the share has been paid, in whole or in part, or whether the legal or equitable interest in the fund may have been assigned. Its office is simply declaratory of the rights of the legal representatives or next of kin in the estate of the intestate.

6. The question, whether an administrator has actually paid a claim under the order of distribution or not, can only be properly tried by suit.

7. But no action can be brought by the claimant, until the decree of distribution is made. The decree, it would seem, must of necessity be made, in order that the right may be properly tried and decided.

8. The decree upon the final settlement and allowance of administrator's accounts, is final and conclusive upon all parties interested. It ascertains and declares the net balance in the administrator's hands, and the sum for which he must account to the distributees.

9. The order for distribution may be made at the instance of the administrator, or of any one of the distributees. If made at the time of the settlement, no further notice is necessary.

10. A separate decree cannot be made at the instance of each of the claimants.

11. One decree only, can protect the administrator.

---

*Bradley,* for appellant.

*C. Parker,* for respondent.

Cases cited by appellant's counsel. *Conset on Courts* 216, § 3; *Hall's Adm. Prac.* 101; *Chambers* v. *Sunderland, Halst. Dig.* 216, § 3; *Read* v. *Drake,* 1 *Green's Ch. R.* 78.

Cases cited by respondent's counsel. 4 *Grif. An. Law*

*Reg.* 1192; *Hancock* v. *Hubbard,* 19 *Pick.* 172; *Proctor* v. *Newhall,* 17 *Mass.* 93; *Osgood* v. *Breed's heirs, Ibid.* 356; *The Ordinary* v. *The Executors of Smith,* 3 *Green's R.* 93.

THE ORDINARY. At the term of April, 1852, in the Orphans Court of the county of Essex, a decree was made for the final settlement and allowance of the account of Brooks Sayre, administrator of Isaac Sayre, deceased, by which it appeared that there remained in his hands, of the estate, a net balance of $3091.22½. At the same time an order was made that the administrator distribute and pay over the said sum to the persons entitled by law to receive the same.

On the twenty-seventh of March, 1855, on the petition of Anthony S. Sayre, one of the next of kin of the intestate, an order was made that cause be shown before the court on the twenty-fourth of April, then next, why a decree of distribution should not be made, as prayed for in the petition. On the said twenty-fourth day of April, evidence having been taken, a formal decree of distribution was made, by which the next of kin of the intestate are designated, their respective shares ascertained, and the share due to each directed to be paid accordingly. From this decree the administrator appealed. Pending the appeal, evidence has been taken in this court, under an order of the late Ordinary, tending to show that one of the children of the intestate, to whom the decree directed one of the distributive shares to be paid, died several years previous to the decree; that the distributees, to whom one or more of the other shares were directed to be paid, were satisfied in whole or in part, prior to the decree; and that the distributees of two of the shares had, prior to the decree, executed to the administrator a release of their claims.

Of the competency of evidence taken under an order of this court to be used upon the hearing of an appeal, there can be no doubt. It cannot be denied that the taking of additional evidence upon the merits of the case, to be used upon the hearing before an appellate tribunal, is apparently incongru-

ous, and is utterly inconsistent with the established principles both of the courts of common law and of equity. But the well settled rule of the ecclesiastical courts is, that such evidence is admissible, and the uniform practice of this court is in accordance with that rule. *Conset's Eccles. Prac.* 216, part 5, sec. 5, § 3; *Hall's Adm. Prac.* 101; *Chambers* v. *Sunderland, Halst. Dig.* 216, § 3; *Read* v. *Drake,* 1 *Green's Ch. R.* 78.

The rule, as stated by Conset, is that " in a cause of appeal from a *definitive sentence*, it is lawful, both for the party appealing, and the party appellate, to allege things not alleged before the judge from whom it is appealed; and to prove things not proved, so as the publication of the witnesses produced in the first instance hinder not. But it is otherwise in a cause of appeal from *grievances*, which ought to be proved by the proceedings, and the act of the judge from whom it is appealed."

It would seem from the reported language of Chancellor Williamson, in *Chambers* v. *Sunderland*, that he regarded the rule as not of general application; but the brief note of the opinion furnishes no clue as to what he regarded as the nature, or extent of its limitation. It will perhaps be found to extend only to that class of cases in which the Prerogative Court exercises original, as well as appellate jurisdiction. However this may be, the present case is clearly within the operation of the rule.

It is insisted that the decree of the Orphans Court is illegal, because it appears that the decree is made in favor of parties who were not applicants for the decree, and whose shares are shown to have been satisfied or released. It is claimed that the decree should be made only in favor of such of the next of kin as apply for the decree; and that no decree can or ought to be made in favor of a party whose claim is shown to be satisfied or released. Upon the argument, the objection appeared to me to have much weight, inasmuch as there appears upon the record, a final decree against the

administrator, in favor of a party whose claim is in fact extinguished.

But I am satisfied that the objection is not well founded, and that the apparent difficulty results from mistaking the true office and operation of the decree for distribution. The decree is undoubtedly final and conclusive between the administrator and the distributees, as to the amount of each share, and as to the party entitled to receive it. Thus, in an action against the administrator for the recovery of a distributive share, it would be conclusive evidence of the amount to which the plaintiff is entitled. So the decree would be an effectual protection to the administrator, against all claims for moneys paid pursuant to the decree, although it should prove that the decree was erroneous, and the money paid to a party not entitled. The remedy in such case, by a party who has been deprived of his rights by the decree, is not against the administrator, but against the distributees who have wrongfully received the estate. In their favor, as against the rightful claimant, the decree would not operate. This subject was considered and decided by this court in the recent case of *Exton, Adm'r,* v. *Zule,* 1 *McCarter* 501, where the Chief Justice sat and advised with the Ordinary.

But even as between the administrator and the distributee, the decree is final only as to the amount of the respective shares, and the persons entitled by law to receive them. It is no part of the office of the decree, to settle whether the share has been paid in whole or in part; or whether the legal or equitable interest in the fund may have been assigned. The law settles with great precision, to whom the shares of the estate shall be allotted in making the distribution. *Nix. Dig.* 278, § 12, 13.

The office of the decree is simply declaratory of the rights of the legal representatives, or next of kin, in the estate of the intestate. Beyond that, it professes not to decide, and in the very nature of the case, it can decide nothing. The claims may be paid, or released, or transferred to other parties, but these are questions with which the decree has no concern,

2 u*

and which the court have neither the power, nor the means of investigating. If the administrator should allege that he had paid the claim, how is that question to be settled? It can only be properly tried by suit. But no action can be brought by the claimant, until the decree of distribution is made. The decree, it would seem, must of necessity be made, in order that the right may be properly tried and decided.

In like manner the decree upon the final settlement and allowance of the administrator's accounts, is final and conclusive upon all parties interested. It ascertains and declares the net balance in the administrator's hands. It fixes the sum for which he must account to the distributees. But whether it has been already paid, or is still in the hands of the administrator, it does not decide. It leaves that to be ascertained and settled when the claim shall come to be enforced. The general decree for distribution, which was formerly in common use, simply directed the balance to be paid to the persons entitled by law to receive the same. The special order for distribution, ascertains further who those persons are. But it does not profess to settle whether the claims have been paid, or released, or assigned, any more than does the general decree for the settlement of the estate. The order for distribution may be made at the instance of the administrator, or of any one of the distributees. If made at the time of the settlement of the estate, it is consequent upon the decree for settlement. No further notice is necessary. The notice to the next of kin is in most cases constructive, not actual notice. The decree for distribution is made in their absence, without any actual knowledge of the proceeding. How is the court, under such circumstances, to decide whether payments claimed to have been made by the administrator, have been made or not? The rights of the party cannot thus be decided. The statute does not authorize it.

Nor can a separate decree be made at the instance of each of the claimants. The statute clearly contemplates but one decree. By one decree only, can the administrator be

effectually protected. The decrees, if several, may vary in amount. It may appear upon the first application, that there are but two claimants, and the applicant may receive the half of the estate, when it may subsequently prove that there were, in truth, three or more. Making separate decrees must lead to endless difficulty. I am satisfied that the proper practice was adopted by the Orphans Court in this case. Even if the evidence now before this court, as to the payment and release of some of the claims, had been before them, it would have been irrelevant to the question which they were called on to decide. For the same reason, I deem it irrelevant to the question at issue here.

The evidence taken before the Orphans Court, has not been sent up with the papers. It does not appear that it was reduced to writing. The evidence taken on the appeal, shows that Hannah Ward, one of the distributees, died on the seventeenth of May, 1819. When the intestate died, does not appear, nor whether Hannah survived him. She left an only daughter, whose claim against the estate appears to have been satisfied. The share of Katy Thompson, one of the sisters of the intestate, is by the decree directed to be paid to Sarah Morgan and Moses Thompson, two of her children. It appears that she left two other children, *viz*. Aaron O. Thompson, and Elizabeth, who married John Harvey Jaques. Whether they are living or dead; and if dead, when they died; or whether they left issue, does not appear. All the children have released their claim upon the estate. In regard to both these shares, the decree will probably require to be corrected. The evidence, as it stands, does not show clearly who, at the date of the decree, were the legal representatives of those shares. It can in no wise affect the real matter in controversy. The number of shares declared, and the amount apportioned to each of the other distributees, is admitted to be correct.

The decree will be corrected in accordance with the facts, upon the production of the proper evidence, or by consent of counsel, without costs to either party as against the other.