Search's Administrator *v.* Search's Administrators.

SEARCH'S ADMINISTRATOR *vs.* SEARCH'S ADMINISTRATORS.

1. A defendant in a suit in equity has a right to insist that he shall be distinctly and plainly informed of the nature and foundation of the claim made against him, and to be notified by the bill what he has said or done which gives his adversary a right of action against him.  An assertion of a claim against the defendant, by way of inference arising out of a recital in the bill of the finding of a master under an order of reference on *ex parte* proceedings by the complainant on petition, is insufficient.

2. The Court of Chancery has concurrent jurisdiction with the Orphans Court in the settlement of the accounts of executors and administrators, and may assume exclusive jurisdiction at any time before decree of allowance and confirmation; but where the settlement is proceeding regularly and properly in the Orphans Court, and there is nothing in the conduct of the executor or administrator, or in the nature of the estate or in the questions growing out of its due settlement, making it necessary or proper that this court should take control, the settlement will be permitted to proceed in that tribunal.

3. Where, in the exercise of its unquestioned power, the Orphans Court has pronounced a judgment in a proceeding, in a matter over which the Court of Chancery has concurrent jurisdiction with that court, which proceeding was pending there before the institution of a suit in this court, that judgment, so far as it embraces the matters in controversy here, is conclusive against all persons, unless removed by appeal, and is not open to review in this court except upon proof of fraud or mistake.

4. A claim, arising out of a single transaction, where it is alleged one person becomes a creditor and another a debtor, cannot be made the foundation of a suit in equity, especially where no discovery is sought.

On final hearing on bill, answer, and proofs.

*Mr. William Halsted* and *Mr. O. S. Halsted,* for complainant.

*Mr. John N. Voorhees,* for defendants.

THE VICE-CHANCELLOR.

The bill in this case entirely fails to disclose any ground of equity on which relief can be given. Its material averments are that the complainant's intestate was the widow of the defendants' intestate; that subsequent to the grant of administration to the defendants, the complainant's intestate was duly declared a lunatic, and a guardian was appointed for her; that on the petition of her guardian, a reference to a master of this court was ordered, to ascertain and report the kind and value of the property belonging to her; that a report was made, declaring that the lunatic was entitled, as a widow, to a distributive share of his personal estate, and to dower in the lands of which he died seized, and to one-third of the rents received by the defendants as administrators, amounting to $645.35, and that the lunatic, at the time of her marriage, had a separate estate of $400, which, on her marriage, passed into the hands of her husband, and was held in trust by him at the time of his death, and subsequently came to the hands of the defendants, as his administrators; that the lunatic died, and the complainant was appointed to administer her estate, and as administrator thereof, exhibited a claim to the defendants, as administrators of the husband's estate, demanding, (to quote the language of the bill,) " first, the amount of $2000, with interest thereon; second, the amount of $400, trust money held by them, with interest thereon; third, balance of amount of sale of personal property set off to Sarah Search, and not delivered to her guardian, amounting to $186.25; fourth, the sum of $215.05, being her right of dower in rents and profits received by administrators from tenants of farms of said William Search, deceased," and that the defendants refused to comply with such demand.

It is not averred the rents received by the defendants were not due at the death of the intestate, or did not properly constitute a part of his personal estate. It must be assumed, therefore, they received them rightfully, in the due administration of the estate.

The hearing before the master, under the order of reference, so far as the bill gives any information, was *ex parte,* and, from the nature of the proceeding, must necessarily have been so.

The bill, it will be observed, charges no liability against either the defendants or their intestate, by distinct, direct averment; indeed, no claim is asserted as a matter of fact against anybody. The averment is simply that the master reported that a claim existed, and that the complainant exhibited a claim. The only assertion of a claim made by the bill, is by way of inference arising out of a recital of the action of the master and the complainant. This is not sufficient. A defendant in a suit in equity has a right to insist that he shall be distinctly and plainly informed of the nature and foundation of the claim made against him, and to be notified by the bill what he has said or done which gives his adversary a right of action against him. *Story's Eq. Pl.,* § 241; *Andrews* v. *Farnham,* 2 *Stockt.* 94.

The estate of the defendants' intestate was in course of settlement in the Orphans Court of the county of Hunterdon, when this suit was commenced. Their final account was filed February 8th, 1875, and allowed and confirmed by the court on the 1st day of March following. The bill was filed February 27th, 1875, but process was not served on the defendants until the 2d day of March. No effort was made to arrest the settlement in the Orphans Court. In the exercise of its unquestioned power, that tribunal has pronounced a judgment in a proceeding pending before it prior to the institution of this suit, which, so far as it embraces the matters in controversy here, is conclusive against all persons, and not open to review in this court except upon proof of fraud or mistake. *Revision* 528, § 108; *Frey* v. *Demarest,* 1 *C. E.*

*Green* 239; *Voorhees* v. *Voorhees' Ex'rs*, 3 *C. E. Green* 227. A decree of allowance and confirmation, as well as a decree of distribution, is a proceeding *in rem*, analogous to proceedings in admiralty, and unless removed by appeal, finally determines the rights of all persons, whether they are *sui juris* or under disability, to the property in question. *Exton* v. *Zule*, 1 *McCarter* 501.

This court has concurrent jurisdiction with the Orphans Court in the settlement of the accounts of executors and administrators, and may assume exclusive jurisdiction at any time before decree of allowance and confirmation; but where the settlement is proceeding regularly and properly in that court, and there is nothing in the conduct of the executor or administrator, or in the nature of the estate, or in the questions growing out of its due settlement, making it necessary or proper that this court should take control of it, this court will allow the settlement to proceed in that tribunal. *Salter* v. *Williamson*, 1 *Green's Ch.* 480; *Clarke* v. *Johnson*, 2 *Stockt.* 288; *Frey* v. *Demarest, supra; Van Mater* v. *Sickler*, 1 *Stockt.* 485. The bill presents no fact or reason, even by way of recital, which, at any stage of the administration of this estate, would have rendered it proper to withdraw its settlement from the Orphans Court.

The evidence produced by the complainant seems to have been offered with a view of attempting to establish a single fact, viz., that at the time of the marriage of Mr. Search and Mrs. Search, nearly twenty years ago, she had about $400 in money, which, on the marriage, passed into his possession, to be held by him for her use and benefit. A claim of this character, consisting of a single transaction, where it is alleged one person becomes a creditor and another a debtor, cannot be made the foundation of a suit in equity, especially where no discovery is sought. *Story's Eq. Jur.*, § 459. The evidence, however, utterly fails to show even a slight *prima facie* case against the defendants' intestate.

In my judgment, the complainant has no case, either on his bill or in his proofs; the bill must, therefore, be dismissed, with costs. I will so advise.