EVIN M. and JOHN M. ADAMS, executors &c. of Job Adams, deceased, appellants,

*v.*

REBECCA ADAMS, respondent.

1. Whether the first section of the act of March 26th, 1872, now comprised in section 151 of the Orphans Court act, and empowering orphans courts to decree distribution of the estates of testate decedents settled therein, among the persons entitled by the provisions of the will, is within legislative power to enact, *quære.*

2. If authority to make such decrees was thus conferred on orphans courts, the decree must be made on the application of a party in interest, in a proceeding to which others interested are made parties, and will not be conclusive on any having no notice of the proceeding; the usual notice that the executor or administrator *cum testamento annexo* will state and settle his accounts, will not be sufficient to render the decree conclusive as to a legatee having no other notice.

3. The provisions of section 146 of the Orphans Court act as construed in *Exton* v. *Zule, 1 McCart. 501,* distinguished from those of section 151.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bird, who filed the following conclusions :

In this case a bill was filed by Mrs. Adams, asking for the construction of her husband's will.  She sets out that there has been a final settlement of her husband's estate, and that there is a balance in the hands of the executors to which she is entitled to the use during her life.  Two of the defendants, her sons, are the executors, and they have filed a plea admitting the final accounting by them, but setting up a former adjudication of the principal question raised by the orphans court.  It is alleged that that court considered and determined the rights of the parties and decreed a distribution of the funds in the hands of the executors, and that the said money has been distributed accordingly.  Thereupon, the said complainant came in by her petition, setting up her ignorance of the proceedings in the orphans court,

except that which arises by construction from the statutory notice required in such cases, and asked leave to file an amended bill. This was resisted by the defendants, on the ground that the provisions of the statute having been complied with, and the orphans court having, by such statute, jurisdiction of the matter, and having given construction to the will and thereby settled the rights of all, and the executors having complied with the decree by paying out all the money, all persons concerned are bound, and it would, consequently, be useless to allow the amendment.

It will be seen that the foregoing statement includes the question, whether the complainant, as between herself and the legatees and distributees referred to, is bound by the decree of the orphans court without any other notice than the publication required by the statute. That question was very fully discussed by counsel on the motion to amend, and after a very careful examination of all of the authorities that I could find, which had any relation to the subject, I concluded that, as between the complainant and the legatees and distributees, the complainant was not bound. And, although this branch of the case was very fully presented by counsel on final hearing, I have not been able to discover that anything new, in reason or the law, has been advanced. Having this view, and having then expressed my conclusions, it will be quite useless to reiterate them at this time.

Nor shall I now consider the sufficiency of the plea as it now stands, it being no other plea than the one which was filed before the bill was amended, but shall consider whether or not the complainant has the right which she claims under her husband's will. She claims that she is entitled to the use of all of the residue after the payment of the debts and general legacies.

The testator first gave to her $2,000 and a tract of land containing two and one-half acres, and then adds : "All the building with the store that should be in it at my death and all the movable property as long as she liveth." Then he gives legacies to his children, and also portions of his real estate, and in the last clause of his will says :

"I give my two daughters each Lozar and Rebecca of one bed when we are done with them, and what may be left to Even M. Adams, John M. Adams, Lozar Casto, Rebecca Stibs, my sons and daughters all that of my personal property after my death and wife."

It may be difficult to determine whether or not the testator intended to include all of his personal estate in the phrase "and all the movable property," found in the first clause above quoted, but it is certainly impossible to give effect to all of the words which he has employed in the last clause quoted, without concluding that the complainant is entitled to this residue during her life, for he declares that he gives to his children named therein, "all my personal property after my death and wife." These words form a part of the instrument; they have been deliberately placed there by the testator; and I can find no reason for refusing to give all the effect that they import in the connection in which they are found.   Standing as they do, they necessarily qualify the whole paragraph, and such qualification is the suspension of the enjoyment of the gift to the children during the lifetime of the widow.   It is therefore not material to determine whether or not the testator used the phrase "movable property" in the first clause in the same sense in which he did the phrase "personal property" in the last clause of his will.

In my judgment, the complainant is entitled to the relief she prays for.   The costs of both parties should be paid out of the fund.

*Mr. D. J. Pancoast*, for the appellants.

*Mr. W. E. Potter*, for the respondent.

The opinion of the court was delivered by

MAGIE, J.

The bill in this cause was filed by Rebecca Adams, the respondent, to procure a construction of the will of her deceased husband, which she claimed gave her a life interest in the residue of his estate.   It charged that the executors, who are appel-

lants, had settled the estate in the orphans court of the proper county, and that on such settlement $6,895.11 had been determined to be in their hands for distribution under the will. The executors and legatees were made parties defendant, and the prayer was, that if, by the true construction of the will, the widow was entitled to the interest she claimed, the executors should account for and pay the same to her.

To this bill the executors filed a plea, admitting the will and settlement as charged, but setting up in bar of the relief prayed a decree of said orphans court, directing them to pay certain bequests, and then to distribute and pay the remainder to persons named in the eighth section of the will, among whom the widow was not included. It further averred that the decree had been complied with by them.

The widow, having obtained leave, amended her bill by adding a statement of the decree of the orphans court set up in the plea, and charging that it had been made without notice to her, unless the statutory notice of the settlement of the executors' accounts constituted such notice. The prayer of the amended bill was, that the distributees named in that decree should be directed to account and pay to her what she should be found entitled to under her husband's will.

The record shows that the cause was brought to hearing on the amended bill and the plea previously filed, which, at the request of the solicitor of the appellants and with the consent of the respondent's solicitor, was considered as if it had, in fact, been interposed to the amended bill.

The plea was determined to be insufficient, and overruled, and the court proceeded to construe the will, and thereupon gave to the widow, by decree, substantially the relief asked in the amended bill.

Appellants first challenge the correctness of the conclusions below in respect to the overruling of the plea. Their contention is, that the orphans court acquired jurisdiction to make the decree set up in the plea by the provisions of the first section of the act of March 26th, 1872 (*P. L. of 1872 p. 47*), which is now comprised in section 151 of the Orphans Court act (*Rev. p. 785*);

that the decree pleaded was conclusive on respondent in respect to the distribution of her husband's estate, and therefore was a complete bar to her bill.

That section in terms empowers orphans courts to decree distribution of the estates of testate decedents among persons entitled thereto by the terms of the will, whenever the executor or administrator with the will annexed has settled the accounts in the court making such decree.

An adjudication respecting the distribution of property under the terms of a will necessarily involves a construction of those terms. *Hill* v. *Bloom, 14 Stew. Eq. 276.* Respondent contends that the judicial construction of wills has long been recognized as part of the jurisdiction of the court of chancery; that the constitution restrains the legislature from abstracting from that court any part of its jurisdiction, and that legislation conferring such jurisdiction on another court is within the constitutional prohibition. It has not been thought necessary to determine the point thus presented, which was not argued on the part of appellants.

Assuming that the orphans court, by this legislation, was empowered to make such a decree as that pleaded, the question presented is, whether the decree made was conclusive against respondent, so as to bar her from the relief asked by her bill. If brought into court by due process or notice, the decree must bind her; if not, the proceeding as to her was *coram non judice.*

As the bill charged that the decree was made without other notice than the usual notice that the executors would state and settle their accounts, and as the plea showed no other notice, it must be considered none other was given. Did such notice give jurisdiction to the orphans court with respect to respondent?

Appellants contend that it did, and base their argument on the construction heretofore given to the legislation now forming section 146 of the Orphans Court act (*Rev. p. 784*), which now directs such courts to decree distribution of the estates of intestates after settlement. This legislation was originally introduced by the act of March 2d, 1795 (*Pat. L. p. 153*); and as then enacted, and as it continued for many years, it empowered the

orphans courts to make such decrees. But as it was held that such a decree was necessary to enable a distributee to enforce his claim for his share, the effect was that the decree of distribution followed the settlement, as by the revision it is required to do. *Ordinary* v. *Smith's Executor, 3 Gr. 92; Exton* v. *Zule, 1 McCart. 501; Ordinary* v. *Barcalow, 7 Vr. 15.*

· In *Exton* v. *Zule, supra*, Chancellor Green, sitting as ordinary, with the assistance of Chief-Justice Whelpley, held that under this legislation (now section 146) a decree of distribution of the estate of an intestate, made without other notice than that given for the final settlement, would be conclusive as between the administrator and any person claiming a share of the estate as next of kin. But he was careful to distinguish between the effect of such decree upon the administrator and the claimants to distributive shares, and its effect upon such claimants as between themselves. " If a party," he says, " entitled to a distributive share is by the decree deprived of his rights without actual notice, and without a hearing, his only remedy is against the distributees who have received the estate." This doctrine the same chancellor again expressed in *Sayre* v. *Sayre, 1 C. E. Gr. 505.*

The decision in *Exton* v. *Zule* emanated from high authority and has stood unchallenged for many years. Appellants rely on it, but urge that the opinion expressed respecting the conclusiveness of such decrees upon claimants to distributive shares as between themselves, was not necessary to the decision either of that case or of *Sayre* v. *Sayre*, and ought not to be followed. Nevertheless the opinion is in accord with the English cases upon the force of administration decrees—which cases are cited in the opinion in *Exton* v. *Zule*—and with reason. For no good ground can be urged for holding an adjudication plainly designed solely for the protection of the representative of an estate, to conclusively protect other persons in retaining the whole or a part of that estate as against the real owners, who had no notice and no opportunity to be heard in the proceeding.

Therefore, if section 151 should be construed as section 146 was, the plea in this case, in my judgment, ought to be held to

be no bar to the relief claimed by the amended bill against the distributees, because, as to them, the decree was not conclusive under the circumstances.

But I am also of opinion that section 151 will not bear the same construction as to notice which was thus given to section 146.

The latter section relates to moneys in the hands of an administrator, which by express provision of the law are to go to specified next of kin. A decree identifying those persons, determining their relationship to the intestate and fixing the share of each, being necessary to afford them a complete remedy against the administrator, is a natural sequence of and may be expected to follow upon a settlement. Notice of such settlement may well be held to be notice of the accompanying proceeding.

The section now in question relates to moneys in the hands of an executor or administrator *cum testamento annexo*, the destination of which is fixed, not by law, but by the provisions of a will. A decree is not necessary to enable a legatee to enforce his right. *In re Eakin, 5 C. E. Gr. 481; Ordinary v. Barcalow, ubi supra.* Moreover, by the terms of this section the action of the orphans court can only be evoked by the application of a party in interest. A decree need not and would not be expected to follow a settlement. Notice of the settlement, therefore, cannot be considered to give notice of a proceeding not the natural sequence of the settlement and which may or may not be applied for or initiated. The better view is, that this proceeding, commenced by one party, must bring in all others interested as parties, which, in the absence of a prescribed notice, can only be done by reasonable actual notice to them.

For these reasons, I deem the decree no bar to the bill of respondent, and it was properly overruled.

The petition of appeal questions the decree in respect of the construction given to the will of Job Adams. The brief of counsel contains no argument in support of this part of the appeal. For the reasons given by the vice-chancellor, I conclude that he rightly construed the will to give to the widow a life interest in the residue.

Adams *v.* Adams.

But the decree goes further than the opinion below or the circumstances shown in the pleadings warrant, in that it directs the appellants, the executors, to be charged in the accounting with interest on the $6,895.11 from the death of the testator until the same was paid by them to the legatees.

The adjudication by the orphans court that the sum named was in the hands of the executors, was conclusive upon respondent. Her bill rests upon the settlement as fixing the amount with which the executors were charged. That sum must therefore be taken to be the whole amount with which the executors can be charged. There is nothing to justify an additional charge on appellants as executors.

It is not intended to express any opinion as to the right of respondent to a portion of the fund as interest from the death of testator. How the fund is made up does not appear, and the question is not properly before us.

The decree should be modified by striking out the part directing the executors to be charged with the interest above mentioned, but as the court below would doubtless have modified it, on motion, and as no point was made thereon in the argument here, the reversal for modification should be without costs.

Since the argument, appellants' counsel has presented an additional point, not contained in the original brief and on which respondent's counsel has had no opportunity to be heard. For this reason the point has not been considered.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, DIXON, GARRISON, KNAPP, MAGIE, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR, SMITH, WHITAKER—12.