OF

## THE STATE OF NEW JERSEY.

## 1920.

EDWIN ROBERT WALKER, ORDINARY.

EUGENE STEVENSON, EDMUND B. LEAMING, VIVIAN M. LEWIS,
JOHN H. BACKES, JOHN GRIFFIN, JOHN E. FOSTER,
MALCOLM G. BUCHANAN AND JAMES F.
FIELDER, VICE-ORDINARIES.

In the matter of the estate of JOSEPH V. MORRISSE, deceased.

[Decided April 14th, 1920.]

By virtue of *Comp. Stat. p. 3877 § 173;* amended *first Supp. p. 1157,* the orphans court has power to construe a will for the purpose of decreeing distribution according to its directions and provisions (the constitutionality of which statute, however, has frequently been mooted, though never decided), but has no power over a question concerning the discretion exercised by trustees in the disbursement of income to legatees, that being peculiarly a question of equitable cognizance and triable in chancery alone.

477

On appeal from the Passaic county orphans court. On appeal
from an order of distribution.

*Messrs. Edwards & Smith,* for the appellant.

*Mr. Francis Scott,* for the respondent.

WALKER, ORDINARY.

The last will and testament of Joseph V. Morrisse was ad-
mitted to probate by the surrogate of Passaic county on No-
vember 24th, 1903. *Inter alia,* it contained the following:

"Ninth: I give, devise and bequeath all the rest, residue and re-
mainder of my estate, real, personal or mixed wheresoever the same may
be and of whatsoever the same may consist to Charles B. Dunn and
Adrian D. Sullivan, my executors hereinafter named, in trust, to receive
and collect the rents, issues, profits and income of the same and to keep
the funds invested in first bonds and mortgages or other approved securi-
ties, and, from time to time, to pay over such portion of the income as
they shall deem proper, to my nephew Reginald Bevan and to my half-
sister Katherine Morrisse, until the said Reginald Bevan arrives at the
age of twenty-one years; then it is my will that the whole residue of my
estate shall be divided equally between my nephew, Reginald Bevan and
my half-sister, Katherine Morrisse, share and share alike; and in case
of the death of either of them before the said Reginald Bevan arrives at
the age of twenty-one years then it is my will that the share of the one
dying shall go to the survivor absolutely."

Reginald Bevan, having arrived at the age of twenty-one years,
Katherine Morrisse being older, and both being still alive, the
executors, as trustees, filed their final account, which was allowed
by the orphans court, showing a balance of cash amounting to
$12,426.30, besides unconverted real property as the residue of
the estate. They later filed a petition praying the court to ad-
just, order and make distribution of the residue of the testator's
estate. The matter having come on for hearing in the presence
of counsel for all parties, it was ordered that the sum of money
in the residuum be distributed and paid by the executors and
trustees to Katherine Morrisse and Reginald Bevan. This order
did not say that such payment should be share and share alike,
but the will says that the residue of the estate shall be divided
equally between Reginald and Katherine, and counsel on the
argument conceded that that was the interpretation to be put

upon the order, which, by the way, recited that the court was satisfied that each was entitled to an equal one-half share of the residue. In their petition for distribution, the executors and trustees show that they had disbursed to Reginald Bevan $16,092.68, and to Katherine Morrisse $6,644.48; that the disproportion in the disbursements was the result of the difference in time between the respective residuary legatees arriving at full age, and that, as the result thereof, the petitioners were uncertain as to the exact proportion in which those legatees should receive the residuum of the estate.

Katherine Morrisse appeals and contends that in the distribution now to be made, Reginald Bevan should be charged with the excess of income paid to him over and above the amount of income paid to her.

The trust was to invest the residue and from time to time pay over such portion of the income as the executors should deem proper, to the testator's nephew Reginald Bevan, and his half-sister Katherine Morrisse, until Bevan should arrive at the age of twenty-one years, when the whole of the residue should be divided equally between them. This is perfectly plain and calls for no construction, a thing which the orphans court would have power to do for the purpose of decreeing distribution according to the directions and provisions of the will. *Comp. Stat. p. 3877 § 173;* amended *first Supp. p. 1157.* The constitutionality of this statute, however, has frequently been mooted, but never decided. See *In re McGaw, 88 N. J. Eq. 288,* and cases cited at *p. 290.*

The question submitted to the court below, and here, was not one calling for the construction of the will of testator, but was one concerning the discretion exercised by the trustees in the disbursement of income to the two legatees. It was contended on behalf of Katherine that the case fell within the rule that where a trustee abuses the power committed to him the court may interfere and compel the making of a proper allowance, as in *Read* v. *Patterson, 47 N. J. Eq. 595.* On behalf of Reginald it was contended that the power given to the trustees is entirely discretionary with them, and that a court of equity has no jurisdiction to command them as to the exercise of that power, provided their conduct be *bona fide,* as in *Larkin* v. *Wilcoff, 75*

*N. J. Eq. 462, 478*, and that there was no imputation of *mala fides* in the case. The question thus presented was peculiarly one of equity cognizance and triable in chancery alone. *Lippincott's Case, 68 N. J. Eq. 578*. Only the court of chancery can follow trust funds. *Koch v. Feick, 81 N. J. Eq. 120*. It is true that the jurisdictional question was not raised in the court below, or in this court, and the argument here on both sides was on the equitable doctrine invoked; nevertheless, while the court below lacked jurisdiction of the question which underlies and is the basis of its decree, I think it should be affirmed, because it orders the distribution which the will directs, namely, an equal division of the residue. This is the only distribution that the orphans court could order. Therefore, the decree under review will be affirmed.