## McCalla's Estate.

*Will—Life estate—Devise.*

Testatrix directed as follows: "My Millersville property I leave for a home to Mrs. Thaddeus Dickey and husband during their lives, they paying taxes and keeping up repairs on the part which has been occupied by me." "If they fail in the obligation, they must leave, and the property be rented, and said rental applied to repairs, taxes, etc., and after the executors are paid for their care, remainder be given Susan Orten and her daughter Mamie." *Held,* that Mr. and Mrs. Dickey were entitled to possession of the Millersville house whether they used it for a home or not.

Argued Dec. 13, 1900.    Appeal, No. 210, Oct. T., 1900, by William A. Homan and Morris L. Barr, executors, from decree of O. C. Lancaster Co., directing executors to deliver possession of real estate, in the estate of Amanda K. McCalla, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Petition for an order on executors to deliver possession of a house.

The case was heard on petition and answer.

LIVINGSTON, P. J., filed the following opinion:

In and by her last will and testament, bearing date September 8, 1899, duly proved and now remaining on file, and of record in the office of the register of wills of Lancaster county, Pa., in will book N., vol. 2, page 383, under which letters testamentary on said estate were duly granted to Morris Barr and William A. Homan on December 6, 1899, Luther Barr, the other executor named, having renounced, Amanda K. McCalla says, inter alia: "My Millersville property I leave for a home to Mrs. Thaddeus Dickey and husband during their lives, they paying taxes and keeping up repairs on the part which has been occupied by me." "If they fail in the obligation, they must leave, and the property be rented, and said rental applied to repairs, taxes, etc.; and after the executors are paid for their care, the remainder to be given Susan Orten and her daughter Mamie."    On March 5, 1900, Sue E. Dickey and her husband, Thaddeus S. Dickey, by their counsel, Messrs. Coyle & Keller,

presented to the orphans' court of the county of Lancaster, Pa., their petition, stating that Amanda K. McCalla, in and by her will, provided as follows, viz: "My Millersville property I leave for a home to Mrs. Thaddeus Dickey and husband during their lives, they paying taxes and keeping up repairs on the part which has been occupied by me." "If they fail in the obligation, they must leave, and the property be rented, and said rental applied to repairs, taxes, etc.; and after the executors are paid for their care, the remainder be given Susan Orten and her daughter Mamie." "The house occupied by Cyrus Smith I leave for a home during the life of Lizzie Manning, my faithful helper and companion, she paying taxes and keeping up repairs during her life." "My executors shall pay collateral tax on all the property. The alley is an entrance to the lot on the property on which I live. The insurance on said property shall be paid by my executors. At the death of Lizzie Manning and Mrs. Dickey and husband, the property shall be sold and the money divided between the children of my sisters and brothers (excluding Mrs. May Barr Gardner), they sharing and sharing alike, or their offspring. Sister Emma shall invest in real estate all money inherited through me, and it is to be held in trust for her children. Should Lizzie Manning die before Mrs. and Mr. Dickey, they shall receive the rental from the house, paying taxes and keeping up repairs."

That under the said will the petitioners are entitled to a life interest in the Millersville property, above referred to, during their lives and the life of the survivor, upon condition that they pay the taxes and keep up the repairs on the part which had been occupied by the said Mrs. McCalla.

That the petitioners have made demand upon the said executors to give possession of the said Millersville property, devised to the petitioners for their lives, as above stated, to them, and to deliver up to them the key therefor, and to deliver up to them the said premises. And they have refused so to do, and still refuse.

Upon this petition a rule was granted by the court to show cause why the said executors should not deliver to the petitioners, Sue E. Dickey and Thaddeus S. Dickey, the premises devised, as above stated, to them for their lives and the life of the survivor of them.

To the said petition of Thaddeus S. Dickey and wife, the executors filed an answer in which they, among other things, say: " We admit the portion of the will of testatrix relating to her Millersville property is correctly quoted in the petition filed. The said Millersville property consists of a double dwelling house and lot of ground, the west end of which was occupied by Mrs. McCalla during her lifetime as a dwelling house, and the east end by Cyrus Smith. That they are advised that the petitioners have no present interest in any of said property except the part lately occupied by Mrs. McCalla, as Lizzie Manning, to whom a life interest was given in the eastern portion, is still living. That they are advised that the petitioners are not entitled to the possession of said house, unless they occupy and continue to live in it themselves. That they nowhere in their petition express any purpose to occupy the house for a home, and have not expressed any such purpose to the executors, but, on the contrary, have claimed the right of possession generally, and the right to rent it or live in it as they see fit. That they are advised that in case the petitioners do not live in the premises and occupy them for a home, the will imposes on them as executors the duty of caring for and renting the property, ' and after the executors are paid for their care, the remainder to be given Susan Orten and her daughter Mamie.' That they have been notified by Susan Orten that in the event of the petitioners not occupying said premises as a home, she claims to be entitled to the income, and will require the net rental from the hands of the executors. They are therefore advised that they could not safely give possession of the premises to Mrs. Thaddeus Dickey and her husband except for the purpose of a home for themselves. They, therefore, pray that the petition may be dismissed at the costs of the petitioners."

Thus stands the case as presented. The whole question raised by the present proceeding appears to be whether or not Mrs. and Mr. Thaddeus S. Dickey are entitled to have possession of the property devised to them, for their lives, by Mrs. Amanda McCalla for a home, without their first furnishing evidence to or satisfying the executors of her will that they will immediately proceed to move into said house, and continue to live therein, and use it as their dwelling house, during the remainder of their joint lives and the life of the survivor of them.

Are the words "for a home" used in said devise not merely explanatory of the devise, or do they express a condition or limitation without the happening of which no estate passes to Mrs. and Mr. Dickey?

In order to give this clause the effect which the respondents claim for it, the words "for a home" must make a condition or limitation. An estate upon condition is such whose existence depends upon the happening, or not happening, of some uncertain event whereby the estate may be either originally created or enlarged, or finally defeated: 2 Blackstone, 152.

A limitation is where an estate is so expressly confined and limited by the terms of its creation that it cannot endure for any longer than till the contingency happens upon which the estate is to fail.

A condition is generally expressed by using appropriate words, as "on condition that," or "provided that." "They paying rent," etc.

A limitation is usually expressed by the use of phrases of a different character, as "until a certain time," "during such a time," "so long as," etc.

As both estates upon condition and upon limitation are in derogation of vested estates and interests, they are to be construed strictly, and are never held to be such, except where the intent to create them is clearly expressed. In Chew's Appeal, 45 Pa. 228, it was held, that conditions which work forfeitures are not favorites of the law, and to make a provision such, it must be manifested by a clear expression of intention.

We find no clear expression of such intention in the will under consideration. The only condition the testatrix apparently intended to place upon the devise to Mrs. and Mr. Dickey, was the condition she did put upon it and which is clearly and plainly expressed, to wit: "They paying taxes and keeping up repairs on the part which has been occupied by me." That is the condition. If they fail to fulfil that obligation, that condition, they must leave, that is, give up the possession and the property be rented and said rental applied to repairs, taxes, etc. Then and in such case, after the executors are paid for their care, the remainder is to be given to Susan Orten and her daughter Mamie, but so long as Mrs. Dickey and her husband or the survivor of them live and "pay the taxes, and keep up the re-

pairs," they cannot be deprived of the possession of the property devised to them. The words "for a home," are not followed by the word "only" or "for no other purpose," as in Kirk v. King, 3 Pa. 436, Scheetz v. Fitzwater, 5 Pa. 126, Henderson v. Hunter, 59 Pa. 335, Slegel v. Lauer, 148 Pa. 236, and other cases we might cite where the words clearly expressed a condition or limitation and could not be construed in any other way without doing violence to the will of the grantor or testator. Here no such appropriate words are present. The words "for a home," are either expressive of a purpose for which she recommended and desired the property to be used, or are explanatory of her bounty. In either case they do not amount to a condition, and are not sufficient to defeat the gift or devise or prevent it from vesting in the devisees.

In Wilkes-Barre v. Wyoming Society, 134 Pa. 616, it was held, that the mere statement in a statute, that a lot was to be conveyed "for a Hall," imposed no condition upon the title; the society could use it for other purposes.

In Kerlin v. Campbell, 15 Pa. 500, where there was a conveyance to a county in trust for the use of the inhabitants of the county of Delaware, to accommodate the public service of the said county, the court held that the lands did not revert to the grantor's heirs upon the removal of the county seat from Chester to Media, and the Supreme Court said: "Nor was the estate granted a base fee. It was unclogged with conditions or limitations."

In First M. E. Church v. Old Columbia Public Ground Co., 103 Pa. 608, a Lancaster county case, the Supreme Court (reversing us), expressly held that a grant of land "for a reservoir" did not make a "condition," that the land should be used for no other purpose.

In Beck's Appeal, 46 Pa. 532, READ J., says: "So, in cases where words are added, expressing a purpose for which the gift is made, and where the purpose of the gift is (as in this case) for the benefit solely of the donee himself, he can claim the gift, without applying it to the purpose, and that whether the purpose be in terms or not. Thus, if a sum of money be bequeathed to purchase for any person a ring, or an annuity, or a house, or to set him up in business, or for his maintenance and education, or to bind him as apprentice, or towards the

printing of a book, the profits of which are to be for his benefit, the legatee may claim the money without applying it to, or binding himself to apply it to, the specific purpose. And this too, even in spite of an express declaration by the testator, that he shall not be permitted to receive the money." See 1 Jarman on Wills (3d ed. 1861), p. 367.

There is, as we have seen, one condition expressed in this devise, that of " keeping the house in repair, and paying taxes." And a condition expressed is presumed to be the only one : 13 Am. & Eng. Ency. of Law, 777.

In addition to what we have already said there are four cardinal points, rules in the construction of wills, which should be here remembered.

1. A clear gift is not to be cut down by doubtful expressions : Heck's Estate, 170 Pa. 232.

2. The question is not what the testator meant, but what is the meaning of his words : Hancock's Appeal, 112 Pa. 532.

3. Mere precatory words, or words of command, or words of explanation, are not enough to establish an intention that is not to be gathered from a consideration of the operative words upon the face of the will : Boyle v. Boyle, 152 Pa. 108.

4. The law in doubtful cases leans in favor of an absolute, rather than a defeasible estate, of a vested, rather than a contingent one. Of the first, rather than the second taker, as the principal object of the testator's bounty : Jackson's Estate, 179 Pa. 77.

In Wusthoff v. Dracourt, 3 Watts, 240, the Supreme Court of Pennsylvania construed a devise of a house, in which the testator said, " Reserving, however, two of the rooms of said house for the use and during the life of W. I desire by this fourth article, that the widow W. may have the choice of those two rooms which shall best suit her, because I desire that the said W. should be sure of a shelter during the time she may have to live. " This reservation, the court says, vests in W. an estate in the two rooms for life, of which she may make any disposition. It does not create a mere easement for her personal use ; she might either occupy it herself, or let it to another, receiving from it the rent it produces. How very like the case we have under consideration. A very different case, however, is that of Wagner v. Gardner, where

the testator devised to his daughter two houses and lots, " She permitting at the same time her mother to occupy and dwell in the better of them, for and during her natural life. " This is not a grant of the beneficial interest in the house to the mother, so that she might either occupy it herself, or let it to another, receiving from it the rents it produces, as might have have been done in Wusthoff v. Dracourt. It was but a permission to her to live and reside in the house, and entitled her to no other use or enjoyment of it. The will required the mother to occupy, to dwell in the house for and during her natural life. There is no such direction or requirement in the will of Amanda K. McCalla, no such language used with reference to the devise to Mrs. and Mr. Dickey.

The facts that Mrs. McCalla devised to Mrs. Dickey, and her husband, a house, which they could use for a home, and which she, perhaps thought, or hoped, they would, and that she also gave them the rental from the house devised to Lizzie Manning, being adjoined to, or part of the house she gave them, in case of Lizzie's death before them, show her great kindness to and her love and esteem for them.

In her whole will, we do not find a single word expressive of any condition, direction, or desire, that Mrs. and Mr. Dickey, should not, after her decease, have immediate possession and occupation of the premises devised to them. Or that in case of sickness, expense, accident or other cause, they did not actually live in it, that they should forfeit it and all benefits given to them under her will. It does not appear she ever so intended it, and she certainly never so expressed it in or by her will.

The will gives her executors no authority or right to prevent Mrs. and Mr. Dickey from entering upon and taking possession of the property devised to them, nor has any other person such authority.

It is only after they have entered upon, and obtained possession of the house and property devised to them, and "have failed to pay taxes and keep up repairs on the part which had been occupied by Mrs. McCalla," that they can be required to vacate or leave the premises, and the executors take possession, rent the property, keep it in repair, pay taxes, etc., as directed

202, (1901).]        Opinion of Court below—Arguments.

by the will, etc.   In their petition, the petitioners have claimed no more than that which the will clearly directs they shall have.

The rule is, therefore, made absolute, and it is ordered by the court, that Morris Barr and William A. Homan, executors of the will of Amanda K. McCalla, deceased, do give immediate possession to Mrs. Thaddeus S. Dickey and her husband, of the real estate and property devised to them for life by Mrs. McCalla in her will, together with the keys thereto belonging.

*Error assigned* was the order of the court.

*A. F. Hostetter,* with him *W. F. Reyer,* for appellants.—The rule of strict construction as to estates on condition or limitation which the court has invoked in the present case applies only where there is in the first instance a clear devise.   It is only after an unqualified devise by the testator that words which are regarded as precatory are held not to defeat the estate previously granted: Hopkins v. Glunt, 111 Pa. 287; Boyle v. Boyle, 152 Pa. 108.

If from the rest of Mrs. McCalla's will there can be gathered an intention on her part to confine the gift to Mrs. Dickey and her husband to a personal occupancy of the house, then her gift is as clearly upon that condition or limitation as though the words had been " for a home only: " Slegel v. Lauer, 148 Pa. 236; U. S. v. Babbit, 1 Black, 55.

*W. H. Keller* and *J. A. Coyle,* for appellee.—Being in derogation of vested estates, conditions and limitations are construed strictly and are never held to be such, except where the intent to create them is clearly expressed: Chew's App., 45 Pa. 228; McKnight v. Kreutz, 51 Pa. 232; Cook v. Trimble, 9 Watts, 15 ; First M. E. Church v. Old Columbia Public Ground Company, 103 Pa. 608; Paschall v. Passmore, 15 Pa. 295; Hofius v. Hofius, 92 Pa. 305.

There is no clear intention expressed in the will itself that the devise is made to Mrs. and Mr. Dickey only upon a condition that they will themselves occupy and live in the house: Wilkes-Barre v. Wyoming Society, 134 Pa. 616; First M. E. Church v. Old Columbia Public Ground Co., 103 Pa. 608; Beck's App., 46 Pa. 527; Hofius v. Hofius, 92 Pa. 305; Wil-

kinson v. Chambers, 181 Pa. 437 ; Bowlby v. Thunder, 105 Pa. 173 ; Pennock's Est., 20 Pa. 268 ; Smith's App., 23 Pa. 9 ; Brendle v. German Reformed Congregation of Jackson Twp., 33 Pa. 415 ; Perry v. Scott, 51 Pa. 119 ; Soper v. Guernsey, 71 Pa. 219 ; Petition of Sellers M. E. Church, 139 Pa. 61 ; Griffitts v. Cope, 17 Pa. 96 ; Barr v. Weld, 24 Pa. 84.

PER CURIAM, January 22, 1901 :

We are all of opinion that this case was correctly decided by the court below. For the reasons given in the carefully considered opinion of its learned president, the decree is affirmed and the appeal dismissed at the costs of the appellants.