McCown's Estate.

*Trusts and trustees—Separate use trust—Adjudication—Accounts— Res adjudicata—Practice, O. C.*

Where upon the audit of an executor's account, the court awards a fund to a trustee for the sole and separate use of a daughter of the testator, and the daughter, although claiming that she was entitled to the gift absolutely, took no appeal from the decree, she cannot subsequently at the audit of an account of the trustee filed for the purpose of exhibiting the state of the trust, raise the same question, inasmuch as that question is res adjudicata by reason of the previous decree of the court.

Argued March 31, 1908. Appeal, No. 92, Jan. T., 1908, by Eliza B. Allen, from decree of O. C. Phila. Co., Oct. T., 1885, No. 184, dismissing exceptions to adjudication in Estate of Andrew R. McCown, deceased. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to adjudication.

*James Gay Gordon*, for appellant.

*Thos. Biddle Ellis*, for appellees.—The matter is res adjudicata: Lancaster v. Frescoln, 192 Pa. 452; Amrhein v. Dye Works, 192 Pa. 253; Myers v. Kingston Coal Co., 126 Pa. 582; Allen v. Book Co., 201 Pa. 579; Bolton v. Hey, 168 Pa. 418; Devine's Est., 199 Pa. 250.

OPINION BY MR. JUSTICE STEWART, May 11, 1908:

Were this an appeal from the adjudication of a partial or final account of the executors of Andrew R. McCown, deceased, the right of the appellant to have the claim she makes, again considered, notwithstanding an adverse adjudication on a former account, would be unquestionable. An account finally confirmed and unappealed from is conclusive only of what it contains, and a decree of distribution operates only upon the fund distributed. An erroneous distribution of one fund is not conclusive in the distribution of another fund in the same estate. The cases cited by the learned counsel for appellant are all to this effect; but they go no further. It is not necessary to refer to them except to say that all are cases where the party was held not to be concluded by a former adjudication, on the ground that the fund out of which he was claiming was not the same. But this case does not fall within that class. The executors of Andrew R. McCown, deceased, filed their final account more than twenty years ago. Under the adjudication then made, April 22, 1887, the share or legacy of Mrs. Eliza B. Allen, a married daughter of the testator, here the appellant, was adjudged to have been given in trust for her sole and separate use, under the terms of the will, and was accordingly awarded to trustees to hold for purposes of the trust. Mrs. Allen at the audit claimed to have the fund awarded to herself on the ground that no separate estate was intended or created by the will, and that the gift was to her absolutely. From the adjudication adverse to her claim she never appealed, and her share passed to the trustees. So far as concerns the fund distributed under that adjudication, an end was reached to the estate of Andrew R. McCown; thereafter the fund so distributed rightfully belonged to the parties to whom the court had awarded it. The account adjudicated in the proceeding from which this appeal is taken, is not an account of anything belonging to Andrew R. McCown's estate; it is the account of the trustees to whom was awarded the share or legacy of Mrs. Eliza B. Allen. It is not an account to be followed by distribution of an ascertained balance, but an account of trustees exhibiting the state of the trust for the information of the parties interested therein. These trustees held the fund, for the purpose of the

trust declared, by virtue of a decree of the court, which never having been appealed from, establishes their right. The question sought to be raised is res adjudicata.

The appeal is dismissed at the costs of the appellant.