# Raab's Estate.

*Decedents' estates—Wills—Construction — Legacies — Absolute bequest.*

A testator provided in his will that his executor should pay over to the legatee therein named "one thousand dollars to educate him for the priesthood."  A trustee was appointed to receive the money for the purpose of paying it over to the guardian of the legatee in compliance with the terms of the will.  Upon the filing

of the trustee's account, the court awarded all of the money in the hands of the trustee absolutely to the legatee.

Under such circumstances, the adjudication of the orphans' court will be sustained. As the gift was absolute and not coupled with any condition, the fund might properly have been paid to the guardian in the first instance, but the appointment of an unnecessary trustee did no more than dispose of the fund in accordance with the terms of the testator's will. The subsequent distribution to the legatee was also correct.

Argued November 12, 1923. Appeal, by Clara C. Nickey, one of the next of kin, in her own right, and in behalf of the other next of kin of George J. Raab, deceased, from decree of O. C. Berks Co., May T., 1922, No. 35, dismissing exceptions to adjudication in the estate of George J. Raab, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before SCHAEFFER, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptant appealed.

*Error assigned* was the decree of the court.

*Caleb J. Bieber,* for appellant.

*Thomas J. Snyder,* of *Snyder, Zieber & Snyder,* for appellee.

OPINION BY KELLER, J., December 10, 1923:

George J. Raab died on May 21, 1911. In a codicil to his will he made the following provision: "I say that my executor shall pay to Leroy Raab one thousand dollars to educate him for the priesthood." Leroy Raab was then a minor, having for his guardian one Henry B. Hagy. In 1914 the guardian presented a petition to the

281, (1923).]          Opinion of the Court.

orphans' court setting forth that the money would soon be payable under this bequest and asking that a trustee be appointed to receive said fund so that it might hold the said money "for the purpose of paying it over to the guardian of said Leroy Raab in compliance with the last will and testament and codicil thereto of the late George J. Raab, deceased"; and on June 12, 1914, the court appointed The Pennsylvania Trust Co. trustee to receive said $1,000, "or as much thereof as may be distributed to Leroy Raab and pay the same to the guardian of Leroy Raab or make such other distribution of said money as may be in compliance with the last will and testament and codicil thereto of the late George J. Raab, deceased."

In the adjudication distributing the estate of George J. Raab, filed June 15, 1915, the following award was made:

"To the Pennsylvania Trust Co. trustee of Leroy
     Raab to be expended in his education for the
     priesthood .................................$1,000
Interest ........................................   184
                                                  _____
                                                  $1,184"

This award was duly paid and the present appeal is concerned with the disposition of the fund shown to be in the hands of the trustee as per its account filed March 31, 1922, and duly confirmed.

The orphans' court awarded the entire balance in the hands of the trustee to Leroy Raab. Appellant, claiming to be one of the next of kin of George J. Raab, filed exceptions which were dismissed by the orphans' court and the adjudication absolutely confirmed. In this we see no error.

As the gift was absolute and not coupled with any condition, or limitation over in case Leroy Raab was not educated for the priesthood, the fund might properly have been awarded to the guardian of Leroy Raab in the first instance: Beck's App., 46 Pa. 527, 532; McCalla's Est.,

16 Pa. Superior Ct. 202.   But when on the petition of the guardian an unnecessary trustee was appointed to receive the fund "and pay the same to the guardian of Leroy Raab or make such other distribution of said money as may be in compliance with the last will and testament and codicil thereto of the late George J. Raab, deceased," the award to such trustee in the adjudication of June 15, 1915, must be read and interpreted in the light of the above order appointing such trustee.   The order declared the object and purpose of the appointment and the duties of the trustee.   The award did not change this.   It did not direct the trustee to expend the money itself in the education of Leroy Raab for the priesthood, nor attempt to make any disposition of the fund if it was not expended in such education.   It granted no interest in the fund to third persons nor deprived Leroy Raab of his ultimate right or title thereto.   It adjudicated nothing except that the fund should be awarded the trustee, in the first instance, to be disposed of in compliance with testator's will.   The decree appealed from accomplishes this.

In McCown's Est., 221 Pa. 324, chiefly relied on by appellant, there was a prior adjudication that the bequest to testator's daughter was not absolute but for her sole and separate use, and not being appealed from, it adjudicated the quantity of her estate.   The other cases cited in support of the appeal are to the same effect. This case is, in principle, more nearly like Johnson's Est., 276 Pa. 291, where it was held that the fact that a party entitled to the whole estate,—and not merely the life estate given him under a defective power of appointment,—accepted without protest awards made to him on the theory that he possessed only a life estate, did not deprive him of his proper interest in the fund on final distribution.

The assignments of error are overruled and the decree affirmed at the costs of the appellant.