## Colladay's Estate

*Maurice J. Klein* and *Lowenstein & Winokur*, for petitioners.

*Thomas C. Egan*, contra.

KLEIN, J., November 12, 1937.—Charles D. Colladay died November 11, 1884. His wife died in 1910. In his will he directed, inter alia, that upon the death of his wife a portion of his estate should be held in trust to pay the net income therefrom to his three daughters for life. He gave each of them a general power of appointment over a share of the corpus.

Amanda B. Hensel, one of the daughters, died on January 23, 1912. By her will she exercised the power of appointment given her, setting up a testamentary scheme which apparently violated both the statute prohibiting accumulations of income and the rule against perpetuities.

The executors' account of Amanda B. Hensel was audited by Gummey, J., in 1913. In his adjudication Judge Gummey set aside the provisions for the improper

accumulation of income. He called particular attention to the fact that the estate before him was the daughter's individual estate and did not include any part of the estate over which she had a power of appointment under the will of her father.

The account of the trustees for the property which was the subject of the power of appointment was audited by Henderson, J., on May 2, 1919. Judge Henderson adopted and followed Judge Gummey's ruling with respect to the unlawful accumulation of income. The question of the possible contravention of the rule against perpetuities was not raised before him. He awarded the balance of the estate "in accordance with the provisions of the will, the terms of this adjudication and as prayed for in the petition for distribution". The fund was accordingly received by the trustees of the daughter's estate. These trustees had no right to receive this fund, as the will provided for its retention by the executors and trustees of the father's estate.

But this error is of little importance because in 1925 these trustees filed an account which came on for audit before Thompson, J. After commenting on the fact that the exercise of the power of appointment appeared to contravene the rule against perpetuities, he said:

"Mr. Harding, the counsel for the accountant, asked me to suspend the adjudication of the account before me until he can bring these facts to the attention of the court, to the end that the adjudication of Henderson, J., be reconsidered in the light of what has been said above. I will, therefore, suspend further consideration of this account, until after Mr. Harding makes his application to the court for a review of the adjudication of Henderson, J., filed May 2, 1919."

Accountants, instead of endeavoring to obtain this review, filed a second account on May 11, 1928, which is substantially the same as the former one, containing the same items of principal and income. Judge Lamorelle refused to audit this second account because of the prior

suspended audit. Exceptions were taken to this ruling and dismissed in an opinion by Stearne, J., on June 25, 1937.

Petitioners, the grandchildren of Amanda B. Hensel, thereupon filed the present petition to show cause why Judge Henderson's adjudication should not be opened and reviewed. To this petition an answer has been filed by Thomas C. Egan, Esq., guardian ad litem for petitioners' minor children and also trustee ad litem for possible unborn children.

Our problem now is to attempt to bring order out of this confused record.

In 1925, at the time of Judge Thompson's adjudication, the bar of Pennsylvania, as well as the courts, believed that the orphans' court, in the exercise of its inherent equitable powers, had the right to review a case at any time for the purpose of correcting an error which was apparent on the face of the record; hence Judge Thompson's suggestion for a petition to review Judge Henderson's adjudication.

That our courts do not have this broad right to review after five years has been settled by the Supreme Court in Stetson's Estate, 305 Pa. 62 (1931). This case lays down the definite rule that, in the absence of an allegation of fraud, a petition for the review of errors in an adjudication must be filed within five years after the final decree confirming the account, or it will be too late for consideration. And this limitation applies whether the review is sought under section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, 514, or under the inherent powers of the orphans' court. This rule has been extended in Elkins' Estate, 325 Pa. 373 (1937), to be applicable even if some of the parties in interest are minors or under other disability at the time of the final confirmation of the account.

Since there is no suggestion of fraud in the instant case, we have no alternative but to dismiss the petition for a review of Judge Henderson's adjudication of May 2, 1919.

We know of no reason, however, to prevent petitioners from now having the question of the validity of the trusts created by their grandmother, under the power of appointment, determined at the audit of the trustees' account which was before Judge Thompson. That account has never been audited.

Judge Henderson's adjudication did not pass upon the question whether the trusts transgress the rule against perpetuities. He was not asked to consider this feature of the case, and we therefore do not consider his adjudication as res judicata on this point. His awards merely recognized the existence of a trust but did not pass upon its validity. To hold otherwise would be to bar beneficiaries after the creation of a trust from taking action to terminate it for proper cause shown.

A somewhat similar situation arose in Johnson's Estate, 1 D. & C. 420 (1922), affirmed by the Supreme Court in 276 Pa. 291 (1923), where an award was made at an audit "to the accountant in trust to pay the income to his said son . . . for life, with remainder for the use of said son's children". At the audit of a subsequent account, the son's right to attack the validity of the remainders as an improper exercise of a power of appointment was challenged. Judge Gest, in the opinion of this court, said:

"To go to the extent of the argument of counsel for the exceptants and hold that because Elwood did not claim an absolute estate at the audits in 1909 and 1915, the invalid appointment in the will of Walter in favor of William's brothers was to be read into the will of William would be to go beyond any decision that can be found."

The improper exercise of the power of appointment was thereupon set aside by this court, and this action was approved by the Supreme Court. See also Raab's Estate, 82 Pa. Superior Ct. 281 (1923).

The petition for a review is therefore dismissed. Leave is given petitioners to follow the procedure suggested in this opinion to have determined the question of the possible violation of the rule against perpetuities.