## Carroll Estate

*Stanley B. Cooper,* for accountant.

TAXIS, P. J., September 26, 1956.— . . . In his will testator provided, inter alia, as follows:

"SIXTH: I give and bequeath unto my sister Margaret T. Carroll, the sum of three thousand dollars ($3,000.00) to be used only toward the purchase of a home for my sister."

The petition for adjudication avers that Margaret T. Carroll, the sister, has neither purchased a home nor indicated to the accountant any intention of purchasing a home, and the auditing judge is requested to determine the effect of said sixth paragraph.

In Beck's Appeal, 46 Pa. 527, at page 532, the rule which would appear to cover such legacies is stated as follows:

. . . "in cases where words are added, expressing a purpose for which the gift is made, and where the purpose of the gift is the benefit solely of the donee

himself, he can claim the gift without applying it to the purpose, and that it is conceived whether the purpose be in terms obligatory or not. Thus if a sum of money be bequeathed, to purchase for any person a ring, or an annuity, or a house, or to set him up in business, or for his maintenance and education, or to bind him apprentice, or towards the printing of a book, the profits of which are to be for his benefit, the legatee may claim the money without applying it, or binding himself to apply it to the specified purpose, and this even in spite of an express declaration by the testator, that he shall not be permitted to receive the money."

There have been a number of other cases which follow the rule as stated in Beck's Appeal, supra, such as Raab's Estate, 82 Pa. Superior Ct. 281, Keen's Estate, 1 Dist. R. 166, and, in this court, Rockhill's Estate, 61 Montg. 262, and Balfour's Estate, 60 Montg. 59; but, an examination of the language of the respective wills in those cases, as well as the language of the will in Beck's Appeal, itself, discloses essential differences from the language used by this testator. Perhaps the closest to this will was the language used in Raab's Estate, where the gift was to the legatee to educate him for the priesthood, and except to that extent was unqualified.

This will, in addition to the direction for use, specifies that the legacy is "to be used *only* toward the purchase of a home" (Italics supplied). The word "only" indicates beyond doubt testator's intention that the legacy so given is to be used toward the purchase of a home for his sister and for no other purpose whatsover. Inasmuch as the condition has been so closely and so strongly coupled with the legacy, I am not disposed to thwart testator's intention by following the dictum in Beck's Appeal. The legacy of $3,000 is accordingly awarded to Anna M. Boyce, as trustee,

528


to be used only toward the purchase of a home for Margaret T. Carroll: McCalla's Estate, 16 Pa. Superior Ct. 202, 206. . . .